# In the United States Court of Federal Claims

No. 20-1845C
Filed: March 17, 2021
NOT FOR PUBLICATION

|  |
|---|
| **CORNELIUS LORENZO WILSON,** *Plaintiff*, v. **THE UNITED STATES,** *Defendant*. |

## ORDER

**TAPP, Judge.**[1]

Proceeding *pro se*, Plaintiff Cornelius Lorenzo Wilson seeks entry of an order "that (DOC) Secretary of the State of Louisiana immediately release safely the living soule [sic] the man Cornelius Wilson Sr. unharmed at liberty . . .." (Compl. at 6, ECF No. 1). His Complaint seeks similar relief from numerous other state officials. (*Id*.). Mr. Wilson makes no claim against the United States, nor does his Complaint state a claim for monetary relief.

On December 15, 2020, this Court issued an Order Directing Payment of Filing Fee, finding that Mr. Wilson is not eligible to file *in forma pauperis* and requiring Mr. Wilson to submit the Court's $400 filing fee within thirty days. (ECF No. 6). Because that Order was corrected to show the new Court filing fee of $402, Mr. Wilson was given an additional thirty days to submit the payment, which elapsed on February 3, 2021. (*See* Clerks Docket Entry dated 1/04/2021). On December 15, 2020, this Court issued an Order to Show Cause why this case should not be dismissed for lack of jurisdiction pursuant to RCFC 12(h)(3). (ECF No. 7). Mr. Wilson's Response to the Order to Show Cause was due on or before January 12, 2021. He has not responded to either of the above Orders. For that reason alone, Mr. Wilson's Complaint should be dismissed as the result of his failure to prosecute under RCFC 41(b) and disobedience of the Court's Orders.

In addition, Mr. Wilson's Complaint fails to establish any basis for exercise of the Court's jurisdiction. The Court recognizes that a *pro se* plaintiff's pleadings are generally held to

---

[1] The case was originally assigned to Senior Judge Loren A. Smith, transferred to Judge Stephen S. Schwartz (ECF No. 8), and finally reassigned to Judge David A. Tapp on February 8, 2021. (ECF No. 12).

"less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve Mr. Wilson of his jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). That is the situation here. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (court may act *sua sponte* when jurisdiction is lacking) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). This Court resolves disputes over access to the Federal Government's wallet. The Tucker Act is the primary statute conferring jurisdiction on this Court. The Tucker Act waives sovereign immunity for claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States government. *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004); *see also United States v. Navajo Nation*, 556 U.S. 287 (2009); *United States v. Mitchell*, 463 U.S. 206 (1983). Standing alone, however, the Tucker Act itself does not create a substantive right enforceable against the United States. *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007). To come within jurisdictional reach, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

A constitutional provision or statute is money mandating if it "can fairly be interpreted as mandating compensation by the Federal Government." *Navajo Nation*, 556 U.S. at 290 (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). Here, Mr. Wilson's Complaint is directed at Louisiana officials, not the United States and fails to identify any money mandating source. Accordingly, in addition to Mr. Wilson's failure to prosecute this case, the Court lacks subject matter jurisdiction pursuant to RCFC 12(h)(3).

For these reasons, this case is hereby **DISMISSED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/     David A. Tapp  
DAVID A. TAPP, Judge